**40**

Victor A. ROGELIO, Maria Teresa and Carmen Rosario Fernandez Garzot, Plaintiffs,

v.

EASTERN SUGAR ASSOCIATES, Eastern Fajardo Sugar Company, C. Brewer Puerto Rico, Inc. and C. Brewer Caribe, Inc., Ulpiano Díaz-Sánchez and Santos Merced, Defendants.

Civ. No. 305-68.

United States District Court
D. Puerto Rico.

Oct. 7, 1968.

Faustino R. Aponte, Humacao, P. R., for plaintiffs.

Humberto Ortiz Gordils, Humacao, P. R., for codefendants Díaz-Sánchez and Santos Merced.

McConnell, Valdes & Kelley & Sifre, Hato Rey, P. R., for codefendant.

ORDER

FERNANDEZ-BADILLO, District Judge.

This action was removed from the Superior Court of Puerto Rico, Caguas Section, by co-defendant C. Brewer Caribe, Inc. The petition for removal sets forth as fundamental grounds that the claim or cause of action against defendant petitioner is separable in that it is one for damages for breach of a lease contract while that against co-defendants Ulpiano Díaz-Sánchez and Santos Merced is to obtain a judgment declaring that they constructed upon another's premises in bad faith. It is further alleged that these two defendants are merely formal or nominal parties to the controversy between plaintiffs and petitioner.

The complaint states two causes of action. The first of these is for the breach of a lease contract allegedly due to the non-fulfillment of certain obligations

and to the performance of various acts in contravention of the stipulations of the same. Plaintiffs aver that one of these acts consisted in permitting co-defendants Ulpiano Díaz-Sánchez and Santos Merced to construct two houses on the leased property. The second cause of action incorporates the allegations of the first and further asserts that the two houses have a value of not less than $5,000, that they should be destroyed and that there existed bad faith on the part of those who built on their land.

Plaintiffs have moved to remand the case to the state court alleging among other grounds that it is impossible to separate the two causes of action. To substantiate this argument they contend that as to the claim against C. Brewer Caribe, Inc. it must be determined whether co-defendants violated the contract when they allowed construction upon the leased farm and the Court must also decide if Ulpiano Díaz-Sánchez and Santos Merced built in bad faith and whether they had knowledge of the lease contract prohibiting such construction. An opposition was filed and both matters came to be heard on June 14, 1968. Briefs have been filed by both parties and the Court is now duly advised in the premises.

Petitioner C. Brewer Caribe, Inc. invokes this Court's jurisdiction under 48 U.S.C. § 863 and contends that a distinction exists between the "separate and independent claim or cause of action" test for removability under 28 U.S.C. § 1441(c) and the more flexible "separable controversy" test contained in 48 U.S.C. § 863.[1] Petitioner has erroneously tried to establish by analogy the conclusion that since this Court has ruled that the 1958 amendments to 28 U.S.C. § 1332 have no effect on its Title 48 jurisdiction, in the same manner, the "separable controversy test" contained in § 863 of Title 48 was not altered by the 1948 amendment to § 1441(c) which eliminated the separable controversy test and restricted removal by substituting the "separate and independent claim or cause of action" as the test for removability.

Section 863 provides a jurisdictional basis under which cases and controversies can originally be heard. Therefore, this Court's interpretation that the 1958 amendments to the general jurisdictional statute, 28 U.S.C. § 1332, are not applicable to its additional jurisdiction under § 863 is correct. But petitioner overlooks the fact that § 864 of Title 48 incorporates by reference the procedural mechanics for the removal of an action as contemplated by 28 U.S.C. § 1441. Consequently, the "separate and independent cause of action" test of § 1441(c) which governs the removability or non-removability of a multiple claims action is directly applicable. To hold otherwise would be to ignore the express provision of § 864 which does not establish an independent removal procedure for Puerto Rico but, on the contrary, incorporates by reference the mechanism moulded in the federal laws of removal governing the relations between state and federal courts. Such incorporation must be by virtue of what those laws, originally and by Congressional amendment, have expressed.

In view of the foregoing and after having carefully considered the transactions and factual situation here in-

---

1. "The United States District Court for the District of Puerto Rico shall, in addition to its other jurisdiction, have jurisdiction for the naturalization of aliens and Puerto Ricans, and, for this purpose, residence in Puerto Rico shall be counted in the same manner as residence elsewhere in the United States. Said district court shall have jurisdiction of all controversies where all of the parties on either side of the controversy are citizens or subjects of a foreign State or States, or citizens of a State, Territory, or District of the United States not domiciled in Puerto Rico, wherein the matter in dispute exceeds, exclusive of interest or cost, the sum or value of $3,000, and of all controversies in which there is a separable controversy involving such jurisdictional amount and in which all of the parties on either side of such separable controversy are citizens or subjects of the character aforesaid."

**42**

volved the Court finds that there does not exist a separate and independent cause of action of a removable nature and accordingly,

Orders, adjudges and decrees that the Motion to Remand be and is hereby granted and, the case is hereby remanded to the Superior Court of Puerto Rico, Caguas Section, from which it was improvidently removed.

It is further ordered that the Clerk this day serve a certified copy of this Order of remand by mail upon the Clerk of the Superior Court of Puerto Rico, Caguas Section in accordance with 28 U.S.C. Section 1447(c).